Appellant Scheuresa Grimm is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted permanent custody of her daughter to the Stark County Department of Human Services ("Agency").
Appellant Scheuresa Grimm is the mother of the minor child Jessica Grimm. The father of Jessica Grimm is an unknown rape assailant. Appellant gave birth to the minor child on March 6, 1998. On April 9, 1998, the Agency filed a complaint for permanent custody alleging the minor child was neglected and dependent. Appellant has had prior dealings with the Agency and four other children were not in her custody.
The trial court heard this matter on June 18, 1998, and June 30, 1998. On July 7, 1998, the trial court issued a judgment entry granting permanent custody to the Agency. Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SUFFICIENCY OF THE EVIDENCE.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern whether the trial court's decision is supported by the manifest weight and sufficiency of the evidence. Appellant contends, in her first assignment of error, the trial court's conclusion that the minor child could not be placed with her within a reasonable amount of time is against manifest weight and sufficiency of the evidence. Appellant maintains, in her second assignment of error, the trial court's conclusion that the best interest of the child would be served by the granting of permanent custody, to the Agency, is also not supported by the manifest weight and sufficiency of the evidence. We disagree with both assignments of error.
As an appellate court, we do not weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Thus, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. It is based upon this standard that we review appellant's two assignments of error.
In her first assignment of error, appellant challenges the trial court's conclusion, under R.C. 2151.414(B)(1), that the child is not abandoned or orphaned and cannot be placed with either parent within a reasonable time or should not be placed with his or her parents. In support of this conclusion, under R.C. 2151.414(B)(1), the trial court cited six grounds contained in R.C. 2151.414(E). These grounds are as follows:
 (1) Following the placement of the children outside their home, the parents have failed continuously and repeatedly for a period of six (6) months to substantially remedy the conditions causing these children to be placed outside their home.
 (2) The severe and chronic mental illness, emotional illness, chemical dependency of the parent makes the parent unable to provide an adequate permanent home for this child at the present time and in the foreseeable future.
 (3) The parents have demonstrated a lack of commitment toward their children by failing to regularly support, visit or communicate with them when able to do so.
 (4) The parent has committed abuse as described in Section 2151.031 of the Ohio Revised Code against the child or caused or allowed the child to suffer neglect as described in Section 2151.03 of the Ohio Revised Code and the Court determines that the serious nature or likelihood of recurrence of the above or neglect makes the child's placement with the child's parent a threat to the child's safety.
 (5) The parent committed abuse as described in Section 2151.031 of the Ohio Revised Code against the child or caused or allowed the child to suffer neglect as described in Section 2151.03 of the Ohio Revised Code and a sibling of the child previously has been permanently removed from the home of the child's parents because the parent abused or neglected the sibling.
 (6) This child cannot and/or should not be placed with either parent at this time or in the foreseeable future.
We find the evidence introduced at the hearing supports the trial court's conclusions under R.C. 2151.414(B) and R.C.2151.414(E). Appellant testified that she has been involved with the Agency for six years. Tr. at 6-7, 102. The first case plan she received, three or four years ago, required her to go to Quest and receive a psychological evaluation. Tr. at 8-13. Later, the Agency added the requirement that appellant also attend Goodwill Parenting. Tr. at 12-13. Quest evaluated appellant and diagnosed her as alcohol, cocaine and opiate dependent. Tr. at 47. Appellant failed to follow through with treatment. Tr. at 50.
Appellant completed a psychological evaluation with Dr. Gerald Bello. Dr. Bello concluded that appellant had too many issues in her life and was unable to parent effectively. Tr. at 29. Dr. Bello explained that appellant's personality type generally has difficulty taking care of his or herself, and would probably not be able to care for a child. Tr. at 30. Although appellant enrolled in Goodwill Parenting in September 1997, she never completed the classes. Tr. at 42. Appellant attempted to re-enroll in Goodwill Parenting classes in May 1998. Tr. at 43.
The evidence presented concerning the best interest of the child established that at the time of the hearing, the minor child was a three and one-half month old Caucasian female. Although born premature, at the time of trial, she was healthy and in a foster home with parents who are willing to adopt her. Tr. at 89-91. The guardian ad litem recommended that permanent custody be granted to the Agency.
Based upon the above evidence, we find the trial court's decision that the minor child could not be placed with appellant within a reasonable time and that the best interest of the child would be served by granting permanent custody supported by the manifest weight of the evidence.
Appellant's first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.